IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. KEVIN DION ROLLE, Jr., | : |
|     Petitioner | : |
|     v. | : Case No. 3:23-cv-221-KAP |
| MICHAEL UNDERWOOD, WARDEN, | : |
| F.C.I. LORETTO, | : |
|     Respondent | : |
| (COLETTE PETERS, DIRECTOR BOP, | : |
| nominal respondent) | : |
| | |
| KEVIN D. ROLLE, Jr., | : |
|     Petitioner | : |
|     v. | : Case No. 3:23-cv-299-KAP |
| MICHAEL UNDERWOOD, WARDEN, | : |
| F.C.I. LORETTO, | : |
|     Respondent | : |

<u>Memorandum Order</u>

    Petitioner Kevin Rolle filed two petitions seeking writs of habeas corpus pursuant to 28 U.S.C.§ 2241(c)(3). Rolle's motions to consolidate the two petitions (ECF no. 18 in Case No. 3:23-cv-221-KAP; ECF no. 11 in Case No. 3:23-cv-299-KAP) are granted. His motions for emergency temporary restraining orders and other relief tantamount to a grant of the writ pending decision on the merits (ECF no. 17 in Case No. 3:23-cv-221-KAP; ECF no. 10 in Case No. 3:23-cv-299-KAP) are denied, either because they are mooted by the decision in these two matters or because they are unsupported by evidence showing likely success on the merits and extraordinary circumstances. *See* <u>Landano v Rafferty</u>, 970 F.2d 1230, 1239 (3d Cir.1992).

    Congress has authorized or directed the Bureau of Prisons (BOP) to create several programs that affect inmates serving federal sentences. Some, such as the residential Drug Abuse Program (RDAP), are directed primarily towards rehabilitation. Others, such as Good Conduct Time, are directed primarily toward managing inmate behavior while in prison. The First Step Act (FSA) of 2018, Pub.L.No. 115-391, 132 Stat. 5208 (December 21, 2018), amended 18 U.S.C.§ 3621 to require the Bureau of Prisons to create or expand programs that will reduce the risk of recidivism by persons convicted of federal offenses, and to award credits to most -but not all- inmates participating in these programs that can be applied toward time in prerelease custody or supervised release. The FSA combines rehabilitative and prison management features: earning FSA credits requires participation in specified programming judged to be recidivism-reducing, and the rate at which an inmate can earn FSA credits (or ETCs, Earned Time Credits) varies depending

on behavior in prison, including maintaining a low risk for recidivism over consecutive assessment periods, and including participation in the Financial Responsibility Program (FRP) that directs a portion of the inmate's income toward restitution. Rolle's two petitions challenge the BOP's administration of the FSA.

Petitioner Rolle pleaded guilty to wire fraud and was sentenced in the Southern District of New York to a 60-month term of imprisonment plus payment of restitution (Rolle estimates this at approximately $1.5 million) on November 12, 2021. *See* United States v. Rolle, No. 20-CR-594 (S.D.N.Y. July 18, 2022), *appeal dismissed in part and summarily denied in part*, No. 21-2900 (2d Cir. October 27, 2023). Rolle's BOP records and his petition agree that in March 2022 he was designated to F.C.I. Hazleton, then was transferred to F.D.C. Miami in September 2022, where he remained until August 2023. Rolle was at F.C.I. Loretto between August 25, 2023 and January 12, 2024, when he was transferred to his present location, F.C.I. Coleman.

While at Loretto, Rolle filed these petitions. Rolle seeks a writ ordering the BOP to award him FSA credits for the period between his sentencing date, November 12, 2021, and the date of his designation to a BOP facility, March 1, 2022. Rolle also seeks a writ directing the BOP to award him FSA credits at the higher rate applicable to inmates participating in the FRP for the period from November 17, 2022 to March 16, 2023, a period for which the BOP considers him noncompliant.

The BOP has a three-tiered (or four-tiered if the informal remedy is counted) system through which a federal prisoner may file a grievance about any conditions of his imprisonment. 28 C.F.R.§§ 542.10-542.19. An inmate must first use a form BP-8 to "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R.§ 542.13(a). An inmate who cannot resolve the problem informally must file "a formal written Administrative Remedy Request, on a form BP-9, [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R.§542.14(a). The responding authority is the warden of the inmate's institution, who has 20 days to respond. 28 C.F.R.§ 542.18. An inmate not satisfied with the warden's response must appeal that response. (The Regional Director for the Northeast Region (NERO) is the relevant recipient of an appeal from Loretto. The appeal, on a form BP-10, must be filed within 20 days of the warden's signed BP-9 response. 28 C.F.R.§ 542.15(a). If the inmate is not satisfied with the regional response, the final step is by filing a form BP-11 to the BOP's General Counsel within 30 days of the Regional Director's response. The BOP can grant itself an extension of time to respond at each level, but a failure to timely respond at any level can be taken as a denial at that level. 28 C.F.R.§ 542.18.

In general, an inmate who seeks habeas relief from actions by the Bureau of Prisons affecting the execution of a federal sentence, whether a disciplinary sanction, credit for

prior custody decision, sentence computation, or length of placement in a residential re-entry center, must exhaust the BOP's administrative remedies first, *see* 28 C.F.R.§ 542.10-19, unless the matter involves only a question of law without the need for development of a factual record. *See* Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir.2012), *citing* Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir.1981). As the Court of Appeals has been saying for four decades, use of the administrative process is highly favored because it respects agency autonomy, facilitates judicial review by allowing the Bureau of Prisons to develop a factual record and explain its decision, and conserves judicial resources in those cases where the inmate obtains relief in the administrative process. *See* Barksdale v. Sing Sing, 645 Fed.Appx. 107 (3d Cir. 2016); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir.1996); Arias v. United States Parole Commission, 648 F.2d 196 (3d Cir.1981); Lindsay v. Williamson, 271 Fed.Appx. 158, 160 (3d Cir. 2008) (affirming *sua sponte* dismissal of 28 U.S.C.§ 2241 petition for failure to exhaust administrative remedies). Important to this matter, the concept of exhaustion implies proper exhaustion: procedural default that occurs because the inmate has failed to use the available remedial process does not allow the inmate to present his claim *de novo* to a court: unless the inmate shows some external cause for the default, default prevents the court from considering a claim on the merits.

Rolle first raised his claim for FSA credits from the date of sentencing to the date of designation by a habeas petition in the Southern District of Florida while he was at F.D.C. Miami. Judge Ruiz denied the petition for failure to exhaust administrative remedies and denied reconsideration; the Eleventh Circuit dismissed the appeal for failure to prosecute. *See* Rolle v. Warden, Case No. 1:23-cv-21832-RAR (S.D.Fla. July 19, 2023), *appeal dismissed*, No. 23-12560-F (11th Cir. September 27, 2023). Judge Ruiz's determinations in that matter - that Rolle never presented any administrative remedy requests concerning the BOP's calculation of his FSA credits and that there was no merit to Rolle's claim that this was due to BOP tampering with his mail – can be taken as *res judicata* here.

Rolle's habeas petition presenting his claim for FSA credits from the date of sentencing to the date of designation was filed in this court on September 18, 2023, before his previous petition had even been dismissed. Rolle did not file an administrative remedy request presenting that claim at Loretto until a month later when he filed request No. 1179146 on October 23, 2023. According to the respondent's records, by January 2024 the appeal of that matter had proceeded as far as the Northeast Region. A petitioner cannot file a petition to act as a placeholder and then exhaust administrative remedies. Rolle's first petition must be dismissed for failure to exhaust administrative remedies because it was prematurely filed. No good reason exists for excusing exhaustion: to receive relief on the merits Rolle would have to present evidence that he successfully participated in FSA programming during the period in question. Because of Rolle's

incorrect assumption that FSA credit is automatic, he presents none.

Rolle's second habeas petition was filed December 8, 2023. Rolle claims that his placement in FRP noncompliant status from November 2022 to March 2023 is improper. Rolle explains that due to his lack of employment at F.D.C. Miami, he had insufficient funds to make FRP payments in October and November 2022. Rolle says he had outside sources deposit money to his inmate account and beginning in mid-November sought to have that money applied retroactively to his obligation. According to Rolle, personnel at F.D.C. Miami did not act on his request to apply his payments to the FRP program until mid-March 2023.

Rolle did not file a remedy request about this matter at F.D.C. Miami until August 2023, when Rolle says a review of his FSA records that he recalls taking place between August 1 and August 6, 2023 alerted him that he had been put in noncompliance status for a four-month period. Rolle says he filed his initial grievance on August 6, 2023; the respondent says it was a day later that Rolle filed remedy request No. 1170943. Both sides agree that Rolle went no further with a remedy request at F.D.C. Miami. Rolle was transferred to Loretto shortly thereafter and began the process again: Rolle states that he filed remedy request No. 1176308 in a BP-9 to the warden at Loretto on September 7, 2023. The respondent's records indicate it was received on September 13, 2023, but both sides agree that it was rejected as untimely on September 21, 2023 because it sought relief for a matter that had taken place considerably more than 20 days before the filing. Rolle says he appealed the next day by BP-10 to NERO (the respondent's records indicate it was received on October 2, 2023), and when no timely decision was received, Rolle appealed by BP-11 to the Central Office. Although why the matter was not decided at the regional office until January 4, 2024 is unclear, Rolle's appeal by a BP-11 to the Central Office was denied on November 27, 2023 on the grounds given at the facility level: Rolle's remedy request concerned a matter more than 20 days prior to the filing of the grievance. Rolle's second habeas petition was not filed before the administrative remedy process ended.

Rolle, however, has failed to exhaust his remedies for a different reason: he has committed procedural default. Rolle says he filed his BP-8 on September 1 and his BP-9 on September 7, 2023 at Loretto because his transfer "required plaintiff to begin the grievance process anew." Rolle supplies no support for this proposition, and it is contrary to my experience and to the text of the administrative remedy program, *see* 28 C.F.R.§ 542.15(c), which provides that appeals from facility-level decisions are appealed to the regional office for the institution where the inmate is confined at the time, regardless of where the grievance began. Rolle did not have to begin anew, and he should not have: he should have remedied any defects in the filing at F.D.C. Miami at that institution.

More fundamentally, Rolle's assumption that his grievance at Loretto is timely, because it can be tacked onto a timely grievance at F.D.C. Miami, rests on an error. Rolle's

allegation that he did not discover his March 2023 FRP status until five months later in August 2023 would not render Rolle's grievance at F.D.C. Miami timely. Even where a discovery rule applies to toll a filing date there is a duty of due diligence, and Rolle fails completely to show any due diligence. As the decision from NERO advises Rolle ("If you have staff verification late filing was not your fault, you may re[f]ile the BP9 with staff memo."), an inmate can file a remedy request beyond the 20-day period by showing a valid reason for the delay in filing exists. *See* 28 C.F.R.§ 542.14(b). Rolle offers no reason why his lack of examination of his FSA record until August 2023 was not his fault: his entire argument on this point (Rolle filed a traverse that was docketed at both matters even though it only is relevant to the FRP matter) is that "inmates do not have access to the BOP's computer system." Traverse at p.2. That is a different thing from a claim that Rolle could not have obtained his FSA record, much less evidence in support of such a claim. And there is no good reason for the court to explore in the first instance any evidence that might excuse Rolle from attempting to correct his FRP status on a more timely basis, because that is precisely the function of the administrative remedy process.

The petitions for writs of habeas corpus are denied without prejudice for failure to exhaust. The Clerk shall mark these matters closed.

DATE: April 2, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Kevin Dion Rolle, Jr., Reg. No. 54230-069
F.C.I. Coleman Low
P.O. Box 1031
Coleman, FL 33521